JUDGE CROTTY.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

09 CIV 2434

| | |
|---|---|
| ATHANASIUS ONYEMAOBI,<br>EHIMA PATRICK ONAGHINO,<br>LEONARD AGUNWA and<br>CARLENE BATTISTE-DOWNIE,<br><br>        Plaintiffs,<br><br>            v.<br><br>COVENANT HOUSE, COVENANT<br>HOUSE NEW YORK and COVENANT<br>HOUSE UNDER 21,<br><br>        Defendants. | ECF CASE<br><br>Case No:<br><br>COMPLAINT<br><br>JURY DEMAND |



## NATURE OF THE ACTION AND THE PARTIES

1.  This an action to redress unlawful employment practices, under Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.  ("Title VII") on the basis of

nationality, pregnancy, the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C.

§ 621 et seq., the New York State Human Rights Law ("NYSHRL") N.Y. Exec. L. §290 et seq.

and the New York City Human Rights Law ("NYCHRL") N.Y.C. Admin. Code §8-101 et seq.

2.  The plaintiffs Athanasius Onyemaobi, Ehima Patrick Onaghino, Leonard Agunwa are

from Nigeria, a nation on the African continent.  From time-to-time they may be referred to as

*Continental Africans.*  Plaintiff Carlene Battiste-Downie is also a former employee of the

defendant. She is suing the defendant for retaliation for exercising her rights under Title VII in

support of the *Continental Africans* and another former employee, Ms. Judith Douglas, an EEOC

complainant. Battiste-Downie is also suing the defendant for violating her rights under the

Pregnancy Act.

1

3. Defendant Covenant House, Covenant House New York and Covenant House Under 21, collectively known as Covenant House, is a privately funded not-for-profit corporation whose primary goal is to provide shelter, food, clothing and other services to homeless teenagers and young adults.

## JURISDICTION AND VENUE

4. This court has jurisdiction over the plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and because all causes of action accrued within New York County in the City of New York.

6. The plaintiffs have satisfied all of the statutory prerequisites to filing suit in this Court.

## FACTS

### *Athanasius Onyemaobi*

7. Plaintiff Onyemaobi is a *Continental African* and he was employed with the defendant for nearly 18 years. Onyemaobi is over the age of 40.

8. From time-to-time he has endured negative and unfavorable comments traceable to his supervisor, Devine Gordon, regarding her desire to rid Convent House of *Continental Africans*, particularly longtime older employees in order to reduce the defendant's salary expense.

9. Onyemaobi is also a witness to a charge of discrimination filed against the defendant with the EEOC by former employee Judith Douglas.

10. Prior to his unlawful termination, Onyemaobi was repeatedly questioned and asked by his supervisor, Devine Gordon, to file false reports regarding Ms. Douglas' performance in order to create a purported legitimate reason for her termination.

2

11. Onyemaobi alleges that because he refused to engage in such dishonest conduct he was terminated under a pretext of allegedly filing false time and attendance report with respect to a resident of Covenant House and because he is from *Continental Africa* and because he is over 40 years of age.

### Ehima Patrick Onaghino

12. Plaintiff Onaghino is from *Continental Africa* and he was employed with the defendant for nearly 10 years. Onaghino is over 40 years of age.

13. From time-to-time he has endured negative and unfavorable comments traceable to his supervisor, Devine Gordon, regarding the fact that he is from *Continental Africa* and her desire to rid Convent House of *Continental Africans*, particularly longtime older employees in order to reduce defendant's salary expense.

14. Onaghino is also a witness to a charge of discrimination filed against the defendant with the EEOC by former employee Judith Douglas.

15. Onaghino alleges that after refusing to file false reports at the behest of his supervisor, Devine Gordon, regarding Ms. Douglas' work performance, he was unlawfully terminated under a pretext of misconduct related to sleeping at work after was ordered to report to work although he was under a physicians care with prescribed medication with a side-effect of causing drowsiness. Onaghino further alleges that he was terminated because he is from *Continental Africa* and because he is over 40 years of age.

### Leonard Agunwa

16. Plaintiff Agunwa is a *Continental African* and he was employed with the defendant for nearly 8 years. Agunwa is over 40 years of age.

17. During his tenure with the defendant, it was common knowledge that Ms. Devine

3

Gordon, a supervisor of his department, desired to rid Convent House of *Continental Africans*, particularly longtime older employees in order to reduce the defendant's salary expense.

18. Agunwa is alleges that he was unlawfully terminated because of his nationality and age under a pretext of failing to report to work after he had established that he was not scheduled to work on the day he was allegedly absent without permission.

### Carlene Battiste-Downie

19. Plaintiff Carlene Battiste-Downie was a 14 year employee of the defendant.

20. From time-to-time he has been a witness to negative and unfavorable comments traceable to his supervisor, Devine Gordon, regarding her desire to rid Convent House of *Continental Africans*, particularly those who have been employed a longtime in order to reduce the defendant's salary expense.

21. During her last year with the defendant and during the time frame of the acts of discrimination described in this complaint, she was a named witness in the discrimination complaint filed with the EEOC by former employee Judith Douglas and she was pregnant with triplets.

22. It became cleared to Battiste-Downie that her employment was placed in jeopardy when Devine Gordon told her that she was disappointed that she, Battiste-Downie, was a named witness to Judith Douglas' EEOC complaint.

23. Battiste-Downie alleges that the defendant, through Gordon, knew that she had a high risk pregnancy because of her previous bout with thyroid cancer and the side-effects of thyroid hormone medication.

24. Battiste-Downie alleges the defendant, through Gordon, knew or had reason to know that last minute changes in her work schedule, unfounded allegations of poor performance and

4

false work evaluations and threats of a demotion would make her continued employment intolerable given her previously described condition.

25. Battiste-Downie alleges that because of the defendant's unlawful conduct she suffered from such unwanted stress that it caused the loss of one of the triplets she was carrying.

26. Battiste-Downie alleges that the defendant's conduct was for retaliatory reasons because she is a witness to an EEOC complaint and because she complained of discrimination against the co- plaintiffs.

27. Battiste-Downie further alleges that the conduct of the defendant was committed with malice and in violation of the Pregnancy Act because of the inherent problems of her pregnancy or any other normal pregnancy that lead to a constructive discharge.

## COUNT I
## (TITLE VII)

28.  The plaintiffs repeat and reallege every allegation in paragraphs 1 through 27 of this Complaint with the same force and effect as though fully set forth herein.

29.  The defendant employs more than 100 employees; therefore, they meet the statutory minimum number of employee that is required for an action under Title VII.

30.  The defendant's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis of  nationally, in violation of Title VII, in that, the  defendant terminated the plaintiffs' employment because of their nationally and because they participated in a complaint of discrimination.

31.  As a result of the defendant's unlawful conduct, the plaintiffs have suffered and continue to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and

retirement earnings, lost interest and attorneys' fees and costs.

32.  As a further result of the defendant's unlawful conduct, the plaintiffs have suffered and or continue to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. The plaintiffs are entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the defendant under Title VII.

## COUNT II
### (ADEA)

33.  The plaintiffs repeat and reallege every allegation in paragraphs 1 through 32 of this Amended Complaint with the same force and effect as though fully set forth herein.

34.  The defendant employs more than 100 employees; therefore, they meet the statutory definition of an "employer" within the meaning of the ADEA, 29 U.S.C. § 621 et seq.

35.  The defendant's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination in violation of the ADEA, in that, the defendant terminated the plaintiffs' employment because of their nationally and or because they participated in a complaint of age discrimination.

36.  As a result the defendant's unlawful conduct, the plaintiffs have suffered and continue to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. The plaintiffs are entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the defendant under the ADEA.

6

37. As a further result of the defendant's unlawful conduct, the plaintiffs have suffered and or continue to suffer, among other items, impairment and damage to their good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation; accordingly, the plaintiffs are entitled to recover damages for such injuries from the defendant under the ADEA.

### COUNT III
### (TITLE VII – THE PREGNANCY ACT)

38. The plaintiffs repeat and reallege every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as though fully set forth herein.

39. The defendant employs more than 100 employees; therefore, they meet the statutory minimum number of employee that is required for an action under Title VII.

40. The defendant's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis of pregnancy in violation of Title VII, 42 U.S.C. §§ 2000e, 2000e-2 (a).

41. The defendant's conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff Battiste-Downie's protected rights to be free from discrimination, harassment and retaliation.

42. Battiste-Downie has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs all as a result of the defendants unlawful conduct; accordingly,  she is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from

the defendant under Title VII.

43.  Battiste-Downie has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation; accordingly, she is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the defendant under Title VII.

## COUNT IV
## (NYSHRL)

44.  The plaintiffs repeat and reallege every allegation in paragraphs 1 through 43 of this complaint with the same force and effect as though fully set forth herein.

45.  At all relevant times, the defendant was an "employer" within the meaning of the NYSHRL. N.Y. Exec. Law § 290 et seq.

46.  At all relevant times, the plaintiffs were employees within the meaning of the NYSHRL and persons within the meaning of the NYSHRL.

47.  The defendant's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of on the basis of nationality, age, pregnancy and unlawful retaliation for opposing such unlawful conduct all in violation of the NYSHRL.

48.  As a result of the defendant's unlawful conduct, the plaintiffs have suffered and or continue to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and cost; accordingly, the plaintiffs are entitled to recover such monetary and other damages, from the defendant under the NYSHRL.

49.  As a further result of the defendant's unlawful conduct, the plaintiffs have suffered

8

and or continue to suffer, among other items, impairment and damage to their good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation; accordingly, the plaintiffs are entitled to recover damages for such injuries from the defendant under the NYSHRL.

## COUNT V
## NYCHRL

50.  The plaintiffs repeat and reallege every allegation in paragraphs 1 through 49 of this complaint with the same force and effect as though fully set forth herein.

51.  At all relevant times, the defendant was an employer within the meaning NYCHRL. N.Y.C. Admin. Code §8 -101 et seq.

52.  At all relevant times, the plaintiffs were employees within the meaning of the NYCHRL and persons within the meaning of the NYCHRL.

53.  The defendant's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of on the basis of nationality, age, pregnancy and unlawful retaliation for opposing such unlawful conduct all in violation of the NYCHRL.

54.  The defendant's unlawful conduct has resulted in the plaintiffs suffering or continued suffering of injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs; according, the plaintiffs are entitled to recover such monetary and other damages, from the defendant under the NYCHRL.

55.  As a further result of the defendant's unlawful conduct, the plaintiffs have suffered and or continue to suffer, among other items, impairment and damage to her good name and

reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation; accordingly, the plaintiffs are entitled to recover damages for such injuries from the defendant under the NYCHRL.

### PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs request judgment as follows, including, but not limited to, the granting of other and further relief as may be necessary and proper on all counts.

**(A) On Count I – Title VII:**

1. Enter a judgment declaring the acts and practices of the defendant to be in violation of the Title VII;

2. Award the plaintiffs as against the defendant reinstatement, loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of the defendant's unlawful discrimination, unlawful harassment, in accordance with Title VII and other supporting laws.

3. Award the plaintiffs as against the defendant consequential damages for losses resulting from the defendant's unlawful discrimination and unlawful harassment in accordance with Title VII and other supporting laws.

4. Award the plaintiffs as against the defendant, compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with Title VII and

other supporting laws.

     5. Award the plaintiffs as against the defendant the cost of this action, together with reasonable attorneys' fees, in accordance with Title VII and other supporting laws.

**(B) On Count II - ADEA:**

     1. Enter a judgment declaring the acts and practices of the defendant to be in violation of the ADEA.

     2. Award the plaintiffs as against the defendant reinstatement, loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of said the defendant's unlawful discrimination, unlawful harassment, in accordance with the ADEA and other supporting laws.

     3. Award the plaintiffs as against the defendant consequential damages for losses resulting from the defendant's unlawful discrimination in accordance with the ADEA and other supporting laws.

     4. Award the plaintiffs as against the defendant compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the ADEA and other supporting laws.

     5. Award the plaintiffs as against the defendant the cost of this action, together with reasonable attorneys' fees, in accordance with the ADEA and other

11

supporting laws.

**(C) On Count III – Title VII – The Pregnancy Act:**

1. Enter a judgment declaring the acts and practices of the defendant to be in violation of Title VII – the Pregnancy Act.

2. Award the plaintiffs as against the defendant reinstatement, loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of the defendant's unlawful discrimination, unlawful harassment, in accordance with Title VII – the Pregnancy Act and other supporting laws.

3. Award the plaintiffs as against the defendant consequential damages for losses resulting from the defendant's unlawful discrimination and unlawful harassment in accordance with Title VII – the Pregnancy Act and other supporting laws.

4. Award the plaintiffs as against the defendant, compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with Title VII – the Pregnancy Act and other supporting laws.

5. Award the plaintiffs as against the defendant the cost of this action, together with reasonable attorneys' fees, in accordance with Title VII – the Pregnancy Act and other supporting laws.

**(D) On Count IV – NYSHRL:**

12

1. Enter a judgment declaring the acts and practices of the defendant to be in violation of the NYSHRL.

2. Award the plaintiffs as against the defendant reinstatement, loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of the defendant's' unlawful discrimination, unlawful harassment, in accordance with the NYSHRL.

3. Award the plaintiffs as against the defendant consequential damages for losses resulting from the defendant's unlawful discrimination and unlawful harassment in accordance with the NYSHRL.

4. Award the plaintiffs as against the defendant compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYSHRL.

5. Award the plaintiffs as against the defendant the cost of this action, together with reasonable attorneys' fees, in accordance with the NYSHRL.

**(E) On Count V – NYCHRL:**

1. Enter a judgment declaring the acts and practices of the defendant to be in violation of the NYCHRL.

2. Award the plaintiffs as against the defendant consequential damages for losses resulting from the defendant's unlawful discrimination in accordance with the NYCHRL.

3. Award the plaintiffs as against the defendant reinstatement,

13

compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYCHRL.

## JURY DEMAND

The plaintiffs demand a jury trial for all issues triable by jury.

Dated: New York, New York
March 16, 2009.

Respectfully submitted,

LAW OFFICE OF LOCKSLEY O. WADE, LLC
110 Wall Street, 11th Floor
New York, NY 10005
(212) 933-9180
(212) 253-4142 (facsimile)
wade@wadefirm.com

By: _____
LOCKSLEY O. WADE, ESQ.
*Attorney for the plaintiffs*

14