UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ATHANASIUS ONYEMAOBI, EHIMA PATRICK
ONAGHINO, LEONARD AGUNWA and
CARLENE BATTISTE-DOWNIE,

            Plaintiffs,

    -against-

COVENANT HOUSE, COVENANT HOUSE NEW
YORK and COVENANT HOUSE UNDER 21,

           Defendants.

-----------------------------------------------------------------X

Case No.:
09 CV 2434 (PAC)

**ANSWER**

    Defendants COVENANT HOUSE, COVENANT HOUSE NEW YORK, and COVENANT HOUSE UNDER 21 (collectively "Defendants") by and through their counsel, Harrington, Ocko & Monk, LLP, as and for their Answer and Affirmative Defenses (the "Answer") to the Complaint of Plaintiffs Athanasius Onyemaobi, Ehima Patrick Onaghino, Leonard Agunwa and Carlene Battiste-Downie (collectively "Plaintiffs"), allege and state as follows:

## NATURE OF THE ACTION AND THE PARTIES

    1.   To the extent the allegations in paragraph "1" of the Complaint assert legal Conclusions, Defendants make no response as none is required.  To the extent the allegations in paragraph "1" of the Complaint are not legal conclusions, Defendants deny such allegations.

    2.   To the extent the allegations in paragraph "2" of the Complaint assert legal

conclusions, Defendants make no response as none is required. To the extent the allegations in paragraph "2" of the Complaint are not legal conclusions, Defendants deny such allegations, except to admit that Plaintiffs were at one time employees of certain of the Defendants, and that Plaintiffs Onyemaobi, Onaghino and Agunwa were properly terminated for violating workplace policies, and Plaintiff Battiste-Downie violated workplace policies and voluntarily left her position of employment with certain of the Defendants.

3.  Defendants admit the allegations contained in paragraph "3" of the Complaint.

### JURISDICTION AND VENUE

4.  To the extent the allegations in paragraph "4" of the Complaint assert legal Conclusions, Defendants make no response as none is required. To the extent the allegations in paragraph "4" of the Complaint are not legal conclusions, Defendants deny such allegations.

5.  To the extent the allegations in paragraph "5" of the Complaint assert legal Conclusions, Defendants make no response as none is required. To the extent the allegations in paragraph "5" of the Complaint are not legal conclusions, Defendants deny such allegations.

6.  To the extent the allegations in paragraph "6" of the Complaint assert legal Conclusions, Defendants make no response as none is required. To the extent the allegations in paragraph "6" of the Complaint are not legal conclusions, Defendants deny such allegations.

### FACTS

**Athanasius Onyemaobi**

7.  Defendants lack sufficient information to form a belief as to the truth or falsity

2

of the allegations contained in paragraph "7" of the Complaint, and on that basis deny such allegations, except to admit that Plaintiff Onyemaobi was employed by certain of the Defendants, and was properly terminated by certain of the Defendants for violating workplace policies.

8.  Defendants deny the allegations contained in paragraph "8" of the Complaint.

9.  Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph "9" of the Complaint, and on that basis deny such allegations.

10. Defendants deny the allegations contained in paragraph "10" of the Complaint.

11. Defendants deny the allegations contained in paragraph "11" of the Complaint, except to admit that Plaintiff Onyemaobi was properly terminated from his employment with certain of the Defendants for violating workplace policies.

**Ehima Patrick Onaghino**

12. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph "12" of the Complaint, and on that basis deny such allegations, except to admit that Plaintiff Onaghino was employed by certain of the Defendants, and was properly terminated by certain of the Defendants for violating workplace policies.

13. Defendants deny the allegations contained in paragraph "13" of the Complaint.

14. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph "14" of the Complaint, and on that basis deny such allegations.

3

15. Defendants deny the allegations contained in paragraph "15" of the Complaint, except to admit that Plaintiff Onaghino was properly terminated from his employment with certain of the Defendants for violating workplace policies.

**Leonard Agunwa**

16. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph "16" of the Complaint, and on that basis deny such allegations, except to admit that Plaintiff Agunwa was employed by certain of the Defendants, and was properly terminated by certain of the Defendants for violating workplace policies.

17. Defendants deny the allegations contained in paragraph "17" of the Complaint.

18. Defendants deny the allegations contained in paragraph "18" of the Complaint, except to admit that Plaintiff Agunwa was properly terminated from his employment with certain of the Defendants for violating workplace policies.

**Carlene Battiste-Downie**

19. Defendants deny the allegations contained in paragraph "19" of the Complaint, except to admit that Plaintiff Battiste-Downie was an employee of certain of the Defendants, and resigned from her employment after violating workplace policies.

20. Defendants deny the allegations contained in paragraph "20" of the Complaint.

21. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph "21" of the Complaint, and on that basis deny such allegations.

22. Defendants deny the allegations contained in paragraph "22" of the

Complaint.

23. Defendants deny the allegations contained in paragraph "23" of the Complaint.

24. Defendants deny the allegations contained in paragraph "24" of the Complaint.

25. Defendants deny the allegations contained in paragraph "25" of the Complaint.

26. Defendants deny the allegations contained in paragraph "26" of the Complaint.

27. Defendants deny the allegations contained in paragraph "27" of the Complaint.

<u>**COUNT I**</u>
<u>**(TITLE VII**</u>

28. Defendants reassert and reallege the allegations contained in paragraphs "1" through "27" as if fully set forth herein.

29. To the extent the allegations in paragraph "29" of the Complaint assert legal Conclusions, Defendants make no response as none is required. To the extent the allegations in paragraph "29" of the Complaint are not legal conclusions, Defendants deny such allegations.

30. Defendants deny the allegations contained in paragraph "30" of the Complaint.

31. Defendants deny the allegations contained in paragraph "31" of the Complaint.

32. Defendants deny the allegations contained in paragraph "32" of the Complaint, except to admit that Plaintiffs were properly terminated from their employment with certain of the Defendants for violating workplace policies, or resigned from such employment after violating workplace policies.

## COUNT II
## (ADEA)

33. Defendants reassert and reallege the allegations contained in paragraphs "1" through "32" as if fully set forth herein.

34. To the extent the allegations in paragraph "34" of the Complaint assert legal Conclusions, Defendants make no response as none is required.  To the extent the allegations in paragraph "34" of the Complaint are not legal conclusions, Defendants deny such allegations.

35. Defendants deny the allegations contained in paragraph "35" of the Complaint.

36. Defendants deny the allegations contained in paragraph "36" of the Complaint.

37. Defendants deny the allegations contained in paragraph "37" of the Complaint, except to admit that Plaintiffs were properly terminated from their employment with certain of the Defendants for violating workplace policies, or resigned from such employment after violating workplace policies.

## COUNT III
## (TITLE VII- THE PREGNANCY ACT)

38. Defendants reassert and reallege the allegations contained in paragraphs "1" through "37" as if fully set forth herein.

39. To the extent the allegations in paragraph "39" of the Complaint assert legal

Conclusions, Defendants make no response as none is required. To the extent the allegations in paragraph "39" of the Complaint are not legal conclusions, Defendants deny such allegations.

40. To the extent the allegations in paragraph "40" of the Complaint assert legal Conclusions, Defendants make no response as none is required. To the extent the allegations in paragraph "40" of the Complaint are not legal conclusions, Defendants deny such allegations

41. Defendants deny the allegations contained in paragraph "41" of the Complaint.

42. Defendants deny the allegations contained in paragraph "42" of the Complaint, except to admit that Plaintiff Balliste-Downie resigned from her employment after violating workplace policies.

43. Defendants deny the allegations contained in paragraph "43" of the Complaint, except to admit that Plaintiff Balliste-Downie resigned from her employment after violating workplace policies.

<u>**COUNT IV**</u>
<u>**(NYSHRL)**</u>

44. Defendants reassert and reallege the allegations contained in paragraphs "1" through "43" as if fully set forth herein.

45. To the extent the allegations in paragraph "45" of the Complaint assert legal Conclusions, Defendants make no response as none is required. To the extent the allegations in paragraph "45" of the Complaint are not legal conclusions, Defendants deny such allegations, except to admit that Plaintiffs were employed by certain of the

7

Defendants, and were either properly terminated for violations of workplace policies, or voluntarily left employment having committed violations of workplace policies.

46. To the extent the allegations in paragraph "46" of the Complaint assert legal conclusions, Defendants make no response as none is required. To the extent the allegations in paragraph "46" of the Complaint are not legal conclusions, Defendants deny such allegations, except to admit that Plaintiffs were employed by certain of the Defendants, and were either properly terminated for violations of workplace policies, or voluntarily left employment having committed violations of workplace policies.

47. Defendants deny the allegations contained in paragraph "47" of the Complaint.

48. Defendants deny the allegations contained in paragraph "48' of the Complaint.

49. Defendants deny the allegations contained in paragraph "49" of the Complaint.

### COUNT V
### (NYCHRL)

50. Defendants reassert and reallege the allegations contained in paragraphs "1" through "49" as if fully set forth herein.

51. To the extent the allegations in paragraph "51" of the Complaint assert legal Conclusions, Defendants make no response as none is required. To the extent the allegations in paragraph "51" of the Complaint are not legal conclusions, Defendants deny such allegations, except to admit that Plaintiffs were employed by certain of the Defendants, and were either properly terminated for violations of workplace policies, or voluntarily left employment having committed violations of workplace policies.

52. To the extent the allegations in paragraph "52" of the Complaint assert legal Conclusions, Defendants make no response as none is required. To the extent the allegations in paragraph "52" of the Complaint are not legal conclusions, Defendants deny such allegations, except to admit that Plaintiffs were employed by certain of the Defendants, and were either properly terminated for violations of workplace policies, or voluntarily left employment having committed violations of workplace policies.

53. Defendants deny the allegations contained in paragraph "53" of the Complaint.

54. Defendants deny the allegations contained in paragraph "54" of the Complaint.

55. Defendants deny the allegations contained in paragraph "55" of the Complaint.

## PRAYER FOR RELIEF

56. Defendants deny the allegations contained in paragraphs (A) 1-5, (B) 1-5, (C) 1-5, (D) 1-5, and (E) 1-5 of the WHEREFORE paragraphs.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57. The Complaint fails to state a plausible claim for which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

58. All of the employment decisions made by Defendants were made for legitimate, non-discriminatory reasons, including Plaintiffs violations of workplace policies.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

59. Plaintiffs' request for damages are barred, in whole or in part, to the extent that they failed to mitigate such alleged damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

60. Plaintiffs asserted retaliation claims fail by operation of laches and equitable Estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61. Plaintiffs' state claw claims fail, as Plaintiffs have failed to allege, or to prove that Defendants participated in, or had actual knowledge of any alleged discriminatory conduct by Defendants or their employees or agents.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

62. Plaintiffs' claims are barred, in whole or in part, by unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

63. Plaintiffs' claims are barred, in whole or in part, by their failure to abide by workplace policies.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

64. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages as a result of any alleged or actual conduct by Defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

65. That the damages allegedly suffered by Plaintiffs were caused in whole or in part by the culpable conduct of Plaintiffs, and that Plaintiffs claims are therefore barred or diminished in the proportion that such culpable conduct of Plaintiffs bear to the culpable conduct of Defendants causing the damages, if any.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

66.   Plaintiffs' claims under the New York City Human Rights Law are barred due to Plaintiffs' failure to satisfy condition(s) precedent to such claim.

## JURY DEMAND

67. Defendants demand a trial by jury of all issues appropriately or properly tried to a jury under applicable laws.

WHEREFORE, Defendants respectfully request that Plaintiffs' Complaint be dismissed with prejudice, in its entirety, and Defendants be awarded their attorneys' fees and costs, together with such other and further relief that the Court deems just and proper.

Dated:  White Plains, New York
       May 22, 2009

                    HARRINGTON, OCKO & MONK, LLP

                        s/ John T.A. Rosenthal

                    By:_____
                    Kevin J. Harrington, Esq. (KH-5027)
                    John T. A. Rosenthal, Esq. (JR-4819)
                    Attorneys for Defendants
                    *COVENANT HOUSE, COVENANT HOUSE*
                    *NEW YORK and COVENANT HOUSE*
                    *UNDER 21*
                    81 Main Street, Suite 215
                    White Plains, NY 10601
                    (914) 686-4800

To:
Locksley O. Wade, Esq.
LAW OFFICE OF LOCKSLEY O. WADE LLC
Attorneys for Plaintiffs
*ATHANSAIUS ONYEMAOBI, EHIMA PATRICK ONAGHINO,*
*LEONARD AGUNWA and*
*CARLENE BATTISTE-DOWNIE*
110 Wall Street, 11th Floor
New York, New York 10005
Phone: (212) 933-9180
Fax: (212) 253-4142