USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 14 OCT 2009

# Harrington, Ocko & Monk

**A LIMITED LIABILITY PARTNERSHIP**
Attorneys at Law

White Plains Office

81 Main Street – Suite 215
White Plains, NY 10601
Tel: (914) 686-4800
Fax: (914) 686-4824

New York City Office

52 Duane Street, 7th Floor
New York, NY 10007
Tel: (212) 227-8004

John T.A. Rosenthal, Esq.
e-mail: jrosenthal@homlegal.com

October 7, 2009

Reply to White Plains Office

**MEMO ENDORSED**

*Via UPS Next Day Airsaver*

The Honorable Paul A. Crotty, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Chambers 735
New York, NY 10007

[Handwritten endorsement: *See endorsement on Wade letter dated October 2, 2009. The Court notes that Exhibit A has nothing to do with this matter. So ordered. Paul A. Crotty, USDJ. 10-14-09*]

Re: <u>Onyemaobi, et al. v. Covenant House, et al.</u>, Case No. 09-CV-02434 (PAC)

Dear Judge Crotty:

    As Your Honor may recall, our firm represents Defendants Covenant House, Covenant House New York and Covenant House Under 21 (collectively "Defendants") with respect to the above-captioned litigation. We write to the Court at this time in response and in opposition to the October 2, 2009 letter from Plaintiffs' counsel; in that letter Mr. Wade requests that the Court schedule a status conference prior to the November 18, 2009 conference already scheduled. Plaintiffs' counsel requests this new conference so the Court can address supposed discovery improprieties committed by Defendants in this action. The Court should deny Mr. Wade's request as he has failed to abide by the Court's Individual Practices regarding discovery, failed to engage in a good faith discovery conference with Defendants' counsel, and it is Plaintiffs, not Defendants, who have again engaged in discovery improprieties.

    After an initial conference with the parties, the Court issued Civil Case Managing Plan and Scheduling Order on June 17, 2009. Pursuant to that Order, written discovery was clearly contemplated to take place first, with depositions to be completed subsequently by no later than October 15, 2009. On June 23, 2009, Defendants served Plaintiffs with a First Request for Production of Documents. On August 10, 2009, Defendants served Plaintiffs with a First Set of Interrogatories. Plaintiffs' counsel has served a response to such interrogatories, but Plaintiffs have never provided Defendants with any verification as required under Rule 33.

    On August 10, 2009, Defendants noticed the deposition of Plaintiff, Patrick Onaghino for October 15, 2009. On August 11, 2009, Defendants served Plaintiffs' counsel with a Notice to Take Deposition of Plaintiff, Anathasius Onyemaobi. Such deposition was noticed to take place on October 14, 2009. On August 12, 2009, Defendants noticed the depositions of Plaintiffs, Ms.

The Honorable Paul A. Crotty, U.S.D.J.
October 7, 2009
Page 2

Battiste-Downie for October 13, 2009, and Mr. Leonard Agunwa for October 9, 2009, respectively.

Subsequently, Defendants wrote Plaintiffs' counsel regarding clear and flagrant deficiencies in Plaintiffs' responses to Defendants' discovery demands; such deficiencies included absolute lack of information or documents regarding mitigation of damages, lack of information or documents regarding e-mail addresses or computers used by Plaintiffs, and lack of information regarding communications between Plaintiffs and persons other than Defendants' employees regarding allegations of discrimination.

On or about September 2, 2009, I conducted a good faith call with Mr. Wade regarding discovery. During that call, Mr. Wade indicated his refusal to produce additional documents responsive to Defendants' discovery demands, and his refusal to enter into a Protective Order. Mr. Wade also indicated he would not be producing his clients for their noticed depositions. As the result of the refusal of Plaintiffs' counsel to respond to Defendants' discovery demands, and the refusal of Plaintiffs' counsel to produce Plaintiffs for their noticed depositions, I indicated to Mr. Wade that no depositions could go forward until these matters were resolved. Apparently, that same day, in bad faith, Mr. Wade served Notices for the depositions of non-parties, Valerie Smith, Simone Thompson, and Bruce Henry. None of these individuals are parties to this matter; Plaintiffs have yet to serve Defendants with a Rule 30(b)(6) deposition notice. Plaintiffs' counsel served these deposition notices on September 2, 2009, even though I informed him that same day that no depositions would go forward until the discovery issues were resolved.

As a result of discovery issues raised by Defendants' counsel in a letter to the Court dated September 16, 2009, the Court held a conference on September 24, 2009 to resolve the discovery issues. During that conference, the Court instructed that counsel for the parties should meet and confer and submit a revised Civil Case Management Plan in light of the Court's rulings that each side is entitled to certain discovery. See attached hereto as Exhibit "A", a true and correct copy of the transcript of the Court conference of September 24, 2009, at p. 20. During that conference, there was no mention made by Plaintiffs' counsel of any depositions going forward, noticed or otherwise. At no time during that Court conference (or beforehand) did Plaintiffs' counsel object to the fact that Defendants had already indicated their refusal to produce witnesses prior to written discovery issues being resolved. Indeed, any such depositions, particularly of Ms. Smith and Ms. Thompson, would make little sense as Plaintiffs' discovery requests before the Court during the conference related to the files of those same individuals, and Mr. Wade indicated he would serve additional requests tailored to the Court's instructions.

On or about October 1, 2009, I wrote Plaintiffs' counsel regarding depositions in this matter. See attached hereto as Exhibit "B", a true and correct copy of the October 1, 2009 letter from John T.A. Rosenthal. In that letter, I reminded Plaintiffs' counsel that I had previously indicated that depositions would not go forward until such time as written discovery issues were resolved, particularly in light of Plaintiffs' refusal to produce Plaintiffs at the depositions previously noticed by Defendants. I also indicated in that letter that Plaintiffs had failed to engage in a good faith discussion regarding a revised Case Management Plan, failed to issue revised discovery demands as represented by Plaintiffs' counsel to the Court, and failed to serve Defendants with a Rule 30(b)(6) notice for the corporate Defendants in this action.

The Honorable Paul A. Crotty, U.S.D.J.
October 7, 2009
Page 3

On October 2, 2009, I again wrote Mr. Wade regarding these issues. See attached hereto as Exhibit "C", a true and correct copy of the October 2, 2009 letter. That letter was faxed to Plaintiffs' counsel at 1:34 p.m. on October 2, 2009. In that letter, I provided Plaintiffs' counsel with a revised Case Management Plan to review for joint submission to the Court. To date, I have had no response from Plaintiffs' counsel regarding the revised Case Management Plan. Despite my previous letters to Plaintiffs' counsel regarding outstanding discovery issues, Plaintiffs' counsel engaged in no good faith discussions. Rather, five (5) hours after receipt of my October 2, 2009 letter, Plaintiffs' counsel faxed the Court his October 2, 2009 letter. Conspicuously absent from that letter is any reference to my good faith attempts to resolve outstanding discovery issues and provide the Court with a revised Case Management Plan.

The Court should deny Plaintiffs' request. Plaintiffs' counsel has failed to abide by the Court's Individual Practices Section 3(c), as Mr. Wade has never engaged in a good faith conference with Defendants' counsel over the matters raised in his letter. Second, Defendants clearly have priority of depositions in this matter as a result of serving deposition notices on Plaintiffs' counsel some three (3) weeks prior to Plaintiffs' deposition notices for non-parties Smith, Thompson and Henry. *Hogan v. DC Comics*, 1997 WL 570871, at *6 (N.D.N.Y. Sept. 9, 1997); *Occidental Chemical Corp. v. OHM*, 168 F.R.D. 13, 14 (W.D.N.Y. 1996). Moreover, Plaintiffs noticed depositions of non-parties Smith and Thompson are null, as they are not managing agents or officers of Defendants Covenant House New York and Covenant House Under 21. *Ruinsky v. Harris Entertainment, Inc.*, 2006 WL 68120, at *1 (E.D.N.Y. March 15, 2006). Plaintiffs have provided no evidence to the contrary. Similarly, Plaintiffs' noticed deposition of Mr. Henry is clearly nothing more than harassment; Mr. Henry was not the frontline supervisor for Plaintiffs nor even secondary supervisor for Plaintiffs when three (3) of the Plaintiffs were terminated, and was not Ms. Battiste-Downie's supervisor. Moreover, any very limited information Mr. Henry might have on this matter would clearly be duplicative to the information provided by a properly noticed 30(b)(6) witness for the Defendants. Plaintiffs are clearly attempting to harass these three individuals as Plaintiffs have failed to serve a proper 30(b)(6) Notice on Defendants indicating with particularity the subjects which Plaintiffs to seek to depose a corporate representative of each of the Defendants.

Lastly, the parties should complete written discovery before going forward with depositions, as contemplated by the Court's original Case Management Plan. Therefore, the Court should deny Mr. Wade's request, and compel Plaintiffs to move forward with discovery.

We thank the Court in advance for its time and consideration in this matter.

Respectfully submitted,

John T.A. Rosenthal

JTR:sg
Encl.

cc:    Locksley O. Wade, Esq. - *Via Facsimile (212) 253-4142 (w/o encl.)*