UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 21, 2011

ATHANASIUS ONYEMAOBI, et al.,

        - against -

COVENANT HOUSE, et al.,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

09 Civ. 2434 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

    Defendants Covenant House, Covenant House New York, and Covenant House Under 21 (collectively, "Covenant House") move to dismiss the complaint of Carlene Battiste-Downie ("Downie"), the sole remaining plaintiff in this lawsuit. The motion is based on Downie's willful violations of her discovery obligations and Court Orders. Downie asserts that she has produced all responsive documents in her possession.

    Based on a record which demonstrates Downie's consistent and persistent disregard for her discovery obligations and the instructions of the Court, the Court grants the motion, with prejudice. Her deposition testimony makes clear that there are gaping holes in her discovery responses, and her vague assertions to the contrary do not remedy these deficiencies. After numerous attempts to resolve this dispute with warnings and deadlines, the Court now concludes that the only effective sanction is to dismiss the complaint with prejudice.

## I. Background[1]

    On March 17, 2009, Downie[2] brought this action alleging that Covenant House violated Title VII, the Age Discrimination in Employment Act, the Pregnancy Act, and New York State

---

[1] Unless noted otherwise, all facts are taken from the Memorandum in Support of this motion.
[2] Downie was joined by three other former employees of Covenant House. Their claims were settled.

and City Human Rights Laws. Covenant House alleges that Downie was legitimately fired after numerous reprimands for being late or absent from work, due to her conflicting full-time work schedules. Covenant House served Downie with document demands and interrogatories requiring her to produce, inter alia, (1) information regarding her present employment with the Veterans Administration ('VA') in Georgia; (2) information and documents regarding her attempt to mitigate her damages by seeking employment from institutions or employers other than Covenant House; (3) documents and information regarding employment and attempts to obtain employment while working fulltime at Covenant House; and (4) documents and information regarding her communications with others about her allegations of discrimination and/or retaliations by Covenant House.

Despite being served with a First Request for Production of Documents on June 23, 2009, Downie did not produce the requested information and materials, and made only general objections to the demands. On August 10, 2009, counsel for Covenant House informed Downie's counsel of the specific requests that were unfulfilled and served a First Set of Interrogatories. On August 31, 2009 counsel for Covenant House called Downie's counsel and against requested the missing documents, to which Downie's counsel states that Downie had no such documents. That same day, counsel for Covenant House wrote to Downie's counsel memorializing that conversation.

On September 16, 2009, counsel for Covenant House informed the Court of these persistent discovery violations. Two days before the scheduled court appearance to discuss these issues, Downie answered the first interrogatory demands, providing information that later proved to be significantly incomplete. In addition, the interrogatory responses contained no affirmation

or verification from Downie.[3] On September 24, 2009, counsel for the parties appeared before the Court. During questioning by the Court, Downie's counsel represented that his clients had perhaps a single computer among the four of them, were poor record keepers, and "simply don't have these documents in their possession," (Tr. 10:10-10:11, Sept. 24, 2009); following the conference, he informed counsel for Covenant House that the plaintiffs accessed the Internet using computers at Internet cafes. On October 6, 2009, Covenant House then served a targeted Second Set of Interrogatories, to which Downie responded with blanket objections, without verification.

On November 13, 2009, counsel for Covenant House deposed Downie and learned of significant gaps in the discovery produced. For example, Downie had failed to disclose two of her three previous employers, as well as her current employer. Contrary to her counsel's representations, she admitted to owning a personal computer and using numerous email addresses, from which she had sent emails relating to this case and her searches for employment. She also admitted to maintaining files that included a current resume, cover letters, and other documents relating to her actual employment and search for employment at other non-profit organizations. (See, e.g., Tr. 35-37, 39-43, 146). These admissions contrast the repeated representations that Downie does not have these documents in her possession. The documents were responsive to the June 2009 First Request for Document Production; but were never produced. She also admitted to having, but failing to produce, direct deposit slips from her employment at Covenant House, which related to her claim that her pay was reduced in retaliation for seeking maternity leave. In addition, she identified for the first time individuals allegedly familiar with her claims and allegations, and admitted that several of her responses to

---

[3] Although Downie later submitted a verification for this response to the first set of interrogatories, she did not indicate whether she had spoken with the other plaintiffs or responded only for herself.

the First Set of Interrogatories included information about other plaintiffs, of which she had no personal knowledge despite her attesting to their truth.

On December 9, 2009, counsel for Covenant House wrote to the Court, specifying numerous discovery failures and seeking its intervention in the dispute. Downie's counsel responded with a general statement that the plaintiffs had either complied with or objected to all requests. At the Court's direction, counsel for Covenant House followed up with a letter on December 30, 2009, detailing twelve specific categories of documents and information to which they were entitled but which Downie had failed to produce. Downie's counsel responded with another vague assurance but never denied having these materials or explained the failure to produce them. (Rosenthal Decl. Ex. V).

On January 20, 2010, the Court held another conference to address this dispute. It ordered Downie to produce the documents and information responsive to the twelve categories of demands specified in the December 30, 2009 letter. The Court warned Downie that her failure to comply would result in dismissal. Downie responded by supplying an affidavit in which she swore that "I have concluded that I furnished all relevant documents . . . to the defendants in this action." (Rosenthal Decl. Ex. AA). On May 26, 2010, the Court held yet another conference to resolve this dispute, and warned Downie that if she did not produce all materials responsive to the twelve categories of demands by June 14, 2010, Covenant House would be permitted to move for dismissal of her complaint with prejudice. The Court also directed her to sign a consent form to permit Covenant House to access her employment record at the VA in Georgia.

To date, Downie has not complied with the Court's direction and she has failed to produce the requested documents and information. Neither Downie nor her counsel have refuted the compelling evidence that the documents are in her possession.

**II. Analysis**

Under Fed. R. Civ. P 37(b)(2), the Court has discretion to dismiss an action as a sanction for willful noncompliance with a discovery order. See Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009). Willfulness may be demonstrated by persistent disobedience. See Monaghan v. SZS 33 Assocs., L.P., 148 F.R.D. 500, 508 (S.D.N.Y. May 5, 1993). Covenant House argues that Downie's misconduct has severely prejudiced its ability to defend against her claims; and that she has demonstrated that no lesser sanction will be effective. Downie responds that she has complied with her discovery obligations; that Covenant House seeks documents that do not exist or are not in her possession; and that Covenant House had failed to submit specific instances of discovery obligations.

Covenant House provides numerous specific instances of Downie's violations of her discovery obligations and court orders. In particular, Downie failed to produce her resume, cover letters, paystubs, and emails, in violation of targeted requests for documents relating to this lawsuit, her employment at Covenant House, and her searches for other employment. During her deposition, Downie admitted having all of these documents. She failed to respond to the first set of targeted interrogatories with complete and accurate information, such as her previous and current employers and individuals familiar with her allegations and claims, and failed to respond to the second set of interrogatories altogether. (See Mem. in Supp. 7-10). The Court directed Downie to respond to the outstanding discovery demands or be subject to dismissal of the complaint on three separate occasions to no avail. There can be no doubt that this vivid demonstration of noncompliance should be sanctioned.

In determining the appropriate sanction, the Court considers (1) the willfulness of the noncompliant party; (2) the history of noncompliance; (3) the effectiveness of lesser sanctions;

(4) whether the noncompliant party was warned about the possibility of sanctions; (5) the client's complicity; and (6) prejudice to the moving party. See Arista Records LLC v. Usenet.com, Inc., 633 F. Supp. 2d 124, 138 (S.D.N.Y. 2009).

      Throughout this case is a clear pattern of Covenant House making targeted discovery requests and providing specific information as to deficiencies in the responses. Downie replied with blanket objections and vague assurances of compliance. This is simply unacceptable, particularly in light of several Court Orders clarifying that Downie indeed had not yet fulfilled these particular demands and is required to do so. In this case, all six factors weigh in favor of a severe sanction. Downie's failure to disclose two of her three prior employers and her current employer is but one example of her blatant disregard for her discovery obligations. Counsel's excuse that the plaintiffs are poor record keepers is hardly sufficient. This is especially so where Downie testified that she maintained files on her employment searches, but then failed to produce them. This conduct, which is permeated with flagrant disregard of the Court's instruction, cannot be tolerated.

      Downie's Memorandum in Opposition is replete with factual distortions and only confirms the fact that dismissal with prejudice is necessary to remedy her rampant discovery violations. For example, despite Downie's assertions, it is not the case that Downie and her counsel have always represented to the Court that Downie owned a computer and accessed her computer at home. (See Mem. in Opp. 4 ("Without citing to any document, the undersigned would urge . . . the Court to recall from memory that throughout this action it [h]as always been undisputed that she owned and had access to a computer in her home.") This characterization is contradicted by counsel's prior representations. There is no need to call on memory. Let's look at the record: Downie's counsel told the Court that "perhaps maybe one [of the plaintiffs] may have a

6

a computer." (Tr. 5:12, Sept. 24, 2009). Similarly, counsel persists in asserting that Downie has no obligation to sign the consent form allowing Covenant House access to her employment records at the VA in Georgia. On May 26, 2010, the Court directed Downie to sign the release within fifteen days or risk dismissal. (Tr. 5:19-5:23, May 26, 2010).

In the face of this intransigence, it is impossible for Covenant House to effectively defend itself. Covenant House has been denied access to information on whether Downie mitigated her damages by seeking new employment. (Mem. in Supp. 18). Downie's response that she was employed six months later, (Mem. in Opp. 5), misses the whole point of discovery. Covenant House has the right to investigate whether, despite obtaining employment six months later, Downie made reasonable efforts to do so as quickly as possible.

The merits of the case are not tried during discovery. A party is not permitted to produce only what the party chooses. Certainly this is so where the Court has rejected a party's excuses for not complying with discovery requests and directed the party to produce documents and answer interrogatories.

Based on the record of Downie's willful and continued noncompliance, over an extended period of time, notwithstanding repeated warning of sanctions, there is only one sanction that is appropriate. The Court orders the complaint to be dismissed with prejudice. The Clerk of the Court is directed to enter judgment accordingly and close this case.

Dated: New York, New York
March 21, 2011

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge